**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.** |
| | : | |
| **v.** | : | **INFORMATION** |
| | : | |
| **ROY BOULOS,** | : | **Count 1: 18 U.S.C. § 371 (Conspiracy)** |
| | : | |
| **Defendant.** | : | **FILED UNDER SEAL** |

**COUNT ONE**
**18 U.S.C. § 371**
**(Conspiracy to Make Conduit Contributions, Make Excessive Contributions, Cause False Statements, and Cause False Entries in Records)**

1.      Defendant Ahmad "Andy" KHAWAJA was a resident of Los Angeles, California, and the Chief Executive Officer of an online payment processing company headquartered in West Hollywood, California ("Company A").

2.      Defendant Roy BOULOS was a resident of Las Vegas, Nevada, and the owner of a liquor, wine, and cigar store in the Las Vegas-area.

3.      Candidate 1 was a candidate for the Office of the President of the United States in the 2016 election.  In addition to his/her official campaign committee, Candidate 1 had two joint fundraising committees ("Political Committee 1" and "Political Committee 2") supporting his/her candidacy in 2016.  Both committees were registered with the Federal Election Commission and subject to specified contribution limits, limiting the allowable contributions by individuals in the 2016 election cycle.

4.      Political Committee 6 was the governing body for a national political party.  It was registered with the Federal Election Commission as a national political party committee and subject to specified contribution limits.

5.      The Federal Election Campaign Act of 1971, as amended, Title 52, United States Code, Sections 30101, *et seq.* ("Election Act"), limited financial influence in the election of candidates for federal office, including the office of the President of the United States, and provided for public disclosure of the financing of federal election campaigns, as follows:

a.  The Election Act limited the amount and source of money that may be contributed to a federal candidate or that candidate's authorized campaign committee and political committees established and maintained by a national political party.

b.  The Election Act expressly states that contributions made through an intermediary are treated as contributions from the original payor.

6.      The Federal Election Commission ("FEC") was an agency and department of the United States with jurisdiction to enforce the limits and prohibitions of the Election Act, and to compile and publicly report accurate information about the source and amounts of contributions. The Election Act required committees to file campaign finance reports accurately disclosing activity related to contributions, expenditures, debts, and loans of the committee.

7.      From in or about March 2016 through in or about June 2018, in the District of Columbia and elsewhere, the defendant,

**ROY BOULOS,**

knowingly conspired and agreed with KHAWAJA, and with other persons both known and unknown to the Grand Jury, to commit offenses against the United States, that is:

a.  willfully making contributions in the name of another person and permitting one's name to be used to effect such contributions, and causing another to accept contributions made by one person in the name of another person, which

2

contributions aggregated $25,000 and more in calendar years 2016, 2017, and 2018, in violation of 52 U.S.C. §§ 30109(d)(1)(A)(i) and 30122, and 18 U.S.C. § 2;

b. willfully causing a political committee to accept contributions in excess of the limits of the Election Act, which aggregated $25,000 and more in calendar years 2016, 2017, and 2018, in violation of 52 U.S.C. §§ 30109(d)(1)(A)(i) and 30116(f), and 18 U.S.C. § 2;

c. willfully causing the submission of material false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the government of the United States, in violation of 18 U.S.C. §§ 1001(a)(2) and 2; and

d. with the intent to impede, obstruct, and influence, and in relation to and contemplation of, the investigation and proper administration of matters within the jurisdiction of departments and agencies of the United States, knowingly causing the concealment, covering up, falsifying, and making of false entries in records, documents, and tangible objects, in violation of 18 U.S.C. §§ 1519 and 2.

### PURPOSES OF THE CONSPIRACY

8. It was a purpose of the conspiracy to facilitate unlawful campaign contributions from KHAWAJA through the other conspirators to various political committees in order for KHAWAJA and others to gain access to and host events featuring prominent politicians, in an effort to gain influence with those politicians and others.

3

9. It was a purpose of the conspiracy to cause Political Committee 2, Political Committee 6, and other political committees to unwittingly file false campaign finance reports concealing these unlawful campaign contributions from the FEC and the public by falsely stating that the contributions were made by various co-conspirators other than KHAWAJA when in reality they were funded by KHAWAJA.

10. It was a purpose of the conspiracy to conceal the co-conspirators' unlawful activity.

**MANNER AND MEANS**

11. The manner and means of the conspiracy included, but were not limited to, the following:

a. KHAWAJA funneled more than $1.8 million to the conspirators to contribute to political committees under their names as he directed;

b. The conspirators caused the monies funneled to them by KHAWAJA to be contributed to various political committees under their own names;

c. The conspirators caused the political committees to unwittingly submit reports to the FEC falsely stating that the contributions were made by the other conspirators when they were actually made by KHAWAJA; and

d. The conspirators attempted to further conceal the contributions by falsely claiming that the payments from KHAWAJA were legitimate, when in actuality, the payments were to illegally fund KHAWAJA's political contributions in the names of the other conspirators.

**OVERT ACTS**

12.    In furtherance of the conspiracy, and to accomplish its purpose, the defendant,

**ROY BOULOS,**

and others known and unknown to the Grand Jury, committed, and caused to be committed, in the

District of Columbia, and elsewhere, the following overt acts:

**KHAWAJA Gives BOULOS Money to Contribute to His Private Fundraiser**

a.  On or about August 25, 2016, KHAWAJA caused Company A to wire transfer $294,965 to BOULOS.  On or about September 8, 2016, BOULOS wrote a $300,000 check for contribution to Political Committee 2 in connection with the event to be hosted by KHAWAJA.  The check falsely represented that it was a contribution from BOULOS, when it was, in fact, made with monies funneled to him by KHAWAJA for the purpose of making the contribution and to avoid and exceed the personal contribution limits set by federal law.  This caused Political Committee 2 to unwittingly file a false report with the FEC stating that the contribution was from BOULOS, when it was not.

b.  On or about October 12, 2016, KHAWAJA hosted an event for Candidate 1 in Las Vegas, Nevada, which was rescheduled from its original September 14 date.  BOULOS and others attended the event along with KHAWAJA.

**KHAWAJA Gives BOULOS Money to Contribute**

c.  On or about March 5, 2018, KHAWAJA caused Company A to wire transfer $275,000 to BOULOS.  On or about the same date, BOULOS wrote a $250,000 check to Political Committee 6.  The check falsely represented that it was a contribution from BOULOS, when it was, in fact, made with monies funneled

5

to him by KHAWAJA for the purpose of making the contribution.  This caused

Political Committee 6 to unwittingly file a false report with the FEC stating that

the contribution was from BOULOS, when it was not.

All in violation of Title 18, United States Code, Section 371.


Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice

By:    _____

Michael J. Romano
James C. Mann
Trial Attorneys
Public Integrity Section
Criminal Division
U.S. Department of Justice