**UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROY BOULOS,<br>Defendant. | Criminal Case No.: 1:20-cr-00049-RDM |

**DEFENDANT ROY C. BOULOS'S MOTION TO DISMISS COUNTS THIRTEEN, FIFTEEN, THIRTY-EIGHT, AND FORTY-NINE FOR LACK OF VENUE**

Defendant Roy C. Boulos respectfully moves under Article III, Section 2, Clause 3 of the Constitution, the Sixth Amendment, and Federal Rule of Criminal Procedure 18 to dismiss all counts pending against him in this case — Counts Thirteen, Fifteen, Thirty-Eight, and Forty-Nine — for lack of venue in the District of Columbia.

The Indictment charges Mr. Boulos, a Nevada resident, with one conspiracy count, two conduit-contribution counts, and one obstruction count. But venue is not proper for any of those counts because none of the conduct alleged to have been committed by Mr. Boulos or his alleged co-conspirators occurred in this District. The Government's theory of venue rests not on any conduct in the District of Columbia, but on downstream consequences allegedly felt here, such as political committees' later reporting to the FEC and the location of a grand jury investigation. That theory cannot survive the Supreme Court's decision in *Abouammo v. United States*, 608 U.S. __; 146 S. Ct. 1571; 225 L. Ed. 2d 174 (2026), which holds that venue turns on the place

where the defendant committed the conduct constituting the offense, not the place where an investigation, regulator, recipient, or contemplated effect was located.

For the reasons below, the Court should dismiss Counts Thirteen, Fifteen, Thirty-Eight, and Forty-Nine for lack of venue in the District of Columbia.

Respectfully submitted,

Dated: August 21, 2026

By: */s/ John L. Littrell*
John L. Littrell (Bar No. CA00194)
jlittrell@bklwlaw.com
Bienert Katzman Littrell Williamm LLP
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Tel: (949) 369-3700
Fax: (949) 339-3701

*Attorney for Defendant Roy Boulos*

# TABLE OF CONTENTS


I. INTRODUCTION ....................................................................................................1

II. BACKGROUND ......................................................................................................2

III. LEGAL STANDARD..............................................................................................4

IV. ARGUMENT ..........................................................................................................5

A. *Abouammo* forecloses a finding of venue based on downstream reports, agency location, investigation location, or contemplated effects.......................................5

B. Counts Fifteen and Thirty-Eight must be dismissed because the alleged conduct committed by Mr. Boulos occurred outside the District of Columbia....................6

C. Count Forty-Nine must be dismissed because the statements by Mr. Boulos were made in Nevada, not the District of Columbia. .....................................................8

D. Count Thirteen must be dismissed because no overt act or conduct that could establish venue occurred in this District. ...............................................................9

V. CONCLUSION......................................................................................................11

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Abouammo v. United States*,
608 U.S. ___ (2026); 146 S. Ct. 1571; 225 L. Ed. 2d 174..........1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12

*Marbury v. Madison*,
1 Cranch 137 (1803) ....................................................................................9, 10

*Perez v. Mortg. Bankers Ass'n*,
575 U.S. 92 (2015)......................................................................................9, 10

*Whitfield v. United States*,
543 U.S. 209 (2005)......................................................................................9

*United States v. Anderson*,
328 U.S. 699 (1946).....................................................................................1, 4

*United State v. Kissel*,
218 U.S. 601 (1910)......................................................................................10

*United States v. Lam Kwong-Wah*,
924 F.2d 298 (D.C. Cir. 1991)........................................................................4

*United States v. Rodriguez-Moreno*,
526 U.S. 275 (1999)....................................................................................1, 4, 7

*United States v. Sitzmann*,
74 F. Supp. 3d 96 (D.D.C. 2014)...................................................................2, 9

*United States v. Socony-Vacuum Oil Co.*,
310 U.S. 150 (1940).....................................................................................9, 10

**Statues and Rules**

Fed. R. Crim. P. 12(b)(3) ..............................................................................4

Fed. R. Crim. P. 18. ......................................................................................4

18 U.S.C. § 1512(i)........................................................................................9

U.S. Const. amend. VI ..................................................................................1, 12

U.S. Const. art. III, § 2, cl. 3 ...........................................................................1, 12

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Constitution "twice safeguards the defendant's venue right." *Abouammo v. United States*, 608 U.S. ___, slip op. at 4 (2026). Article III commands that the "Trial of all Crimes" shall occur "in the State where the said Crimes shall have been committed," and the Sixth Amendment separately guarantees trial by a jury "of the State and district wherein the crime shall have been committed." *Id.*; U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI.

The Supreme Court's instructions in *Abouammo* are straightforward. A court must identify the "conduct constituting the offense" — the acts the defendant must commit to violate the charged statute — and then determine where those criminal acts occurred. *Abouammo*, slip op. at 4–5; s*ee also United States v. Rodriguez-Moreno*, 526 U.S. 275, 279–80 (1999); *United States v. Anderson*, 328 U.S. 699, 703 (1946). The Government may not establish venue by pointing to a *mens rea* element, the location of an investigation, the location of a federal agency, or the place where the effects of the defendant's conduct were felt. *Abouammo*, slip op. at 6, 9.

That rule resolves this motion. The Indictment identifies Mr. Boulos as a resident of Las Vegas, Nevada, and the owner of a liquor, wine, and cigar store in the Las Vegas area. Indictment ¶ 4. The Boulos-specific counts concern funds he received from Ahmad Khawaja or Company A, checks written by Mr. Boulos from his bank account, and attendance at a fundraiser in Las Vegas, Nevada. Indictment ¶¶ 58(f), 58(k), 58(p). The obstruction allegation concerns statements Mr. Boulos allegedly made to FBI agents during an interview conducted at his Las Vegas residence. Indictment ¶ 130; John L. Littrell Declaration ("Littrell Decl."), Exhibit A (3/18/2019 FBI Interview Tr.) at 2:1–7, 106:14–19; Exhibit B (302 re 3/18/2019 FBI Interview). None of that conduct occurred in the District of Columbia. All of it occurred in Nevada.

The conspiracy count must be analyzed separately because, at least prior to *Abouammo*, venue in a conspiracy count could be established based on overt acts committed by either the defendant or his co-conspirators. *See Abouammo,* slip op. at 8; *United States v. Sitzmann,* 74 F. Supp. 3d 96, 102 (D.D.C. 2014). *Abouammo* casts some doubt on *Sitzmann*. But even assuming *Sitzmann* and other cases remain good law after *Abouammo*, the Court still must limit its review of the locus of the crime considering *Abouammo*'s limitation on what constitutes "conduct" capable of creating venue. Because none of the alleged overt acts — by Mr. Boulos or any of his alleged co-conspirators — occurred in this District, the conspiracy count fails as well.

The fact that reports were later filed with the FEC in this District, or that certain political committees may have been located in this District, or that the grand jury investigation was pending here, cannot establish venue. Those are precisely the types of downstream effects, administrative consequences, and investigation-location theories that *Abouammo* rejected.

## II. BACKGROUND

On November 7, 2019, a grand jury sitting in this District returned an indictment in *United States v. Khawaja, et al.*, Case No. 1:19-cr-00374, charging multiple defendants with campaign-finance and obstruction offenses. Indictment ¶¶ 22–138. As relevant here, Mr. Boulos was charged in Count Thirteen with conspiracy under 18 U.S.C. § 371, in Counts Fifteen and Thirty-Eight with conduit contributions under 52 U.S.C. §§ 30122 and 30109(d)(1)(A)(i) and 18 U.S.C. § 2, and in Count Forty-Nine with obstruction under 18 U.S.C. § 1503. *Id.* at ¶¶ 53, 62, 108, 130. The Indictment alleges that Mr. Boulos was a resident of Las Vegas, Nevada, and owned a liquor, wine, and cigar store in the Las Vegas area. Indictment ¶ 4.

Count Thirteen alleges a conspiracy from approximately March 2016 through June 2018, occurring "in the District of Columbia and elsewhere." Indictment ¶ 53. The alleged purposes included facilitating unlawful campaign contributions to political committees, causing political

committees to file false campaign finance reports with the FEC, and concealing the alleged activity. Indictment ¶¶ 54–56. The manner and means included Khawaja funneling funds to Mr. Boulos and others to contribute under their own names, the conspirators causing those funds to be contributed to political committees, political committees submitting reports to the FEC, and false claims that Khawaja's payments were legitimate. Indictment ¶ 57. It does not allege that Mr. Boulos or any of his co-conspirators engaged in any conduct in the District of Columbia.

Specific to Mr. Boulos, the Indictment alleges that, on or about August 25, 2016, Khawaja caused Company A to wire $294,965 to Mr. Boulos and that, on or about September 8, 2016, Mr. Boulos wrote a $300,000 check to Political Committee 2 in connection with an event Khawaja was to host. Indictment ¶ 58(f). The Indictment further alleges that Khawaja hosted that event for Candidate 1 in Las Vegas, Nevada, on or about October 12, 2016, and that Mr. Boulos attended it. Indictment ¶ 58(k). For the 2018 contribution, the Indictment alleges that, on or about March 5, 2018, Khawaja caused Company A to wire $275,000 to Mr. Boulos and that Mr. Boulos wrote a $250,000 check to Political Committee 6 the same day. Indictment ¶ 58(p).

Count Fifteen charges Mr. Boulos with willfully permitting his name to be used to effect contributions of another to Political Committee 2 and Political Committee 5, and with causing those entities unwittingly to accept contributions made by one person in another person's name, in calendar year 2016. Indictment ¶ 62. Count Thirty-Eight similarly charges Mr. Boulos with willfully permitting his name to be used to effect a contribution of another to Political Committee 6, and with causing that entity unwittingly to accept a contribution made by one person in another person's name, in calendar year 2018. Indictment ¶ 108. The Indictment's factual allegations for these counts identify Mr. Boulos's conduct as receiving funds from

Khawaja or Company A and writing checks in his own name. Indictment ¶¶ 58(f), 58(p). Likewise here, Mr. Boulos is not accused of engaging in any conduct in the District of Columbia.

Count Forty-Nine charges Mr. Boulos with obstructing or endeavoring to obstruct a grand jury investigation pending in the District of Columbia by allegedly making false statements to FBI agents on or about March 18, 2019. Indictment ¶ 130. It is undisputed that FBI agents conducted the interview at Mr. Boulos's residence in Nevada. Littrell Decl., Exhibit A (3/18/2019 FBI Interview Tr.) at 2:1–7, 106:14–19; Exhibit B (302 re 3/18/2019 FBI Interview).

## III. LEGAL STANDARD

Federal Rule of Criminal Procedure 18 implements the Constitution's venue commands by requiring that "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. The Government bears the burden of proving venue by a preponderance of the evidence for each count charged against a defendant. *United States v. Lam Kwong-Wah*, 924 F.2d 298, 301 (D.C. Cir. 1991).

Where a defendant raises venue before trial, Rule 12 permits adjudication when the basis for the motion is reasonably available and the motion can be determined without a trial on the merits. Fed. R. Crim. P. 12(b)(3). This Court has previously recognized that a pretrial venue motion may be resolved by considering reasonably available evidence beyond the four corners of the indictment and that dismissal is appropriate where that evidence shows the Government could not prove venue in this District by a preponderance. ECF No. 128 at p. 8–9, n.4.

The constitutional venue inquiry begins with the *locus delicti* of the charged offense. *Abouammo*, slip op. at 4–5; *Rodriguez-Moreno*, 526 U.S. at 279–80; *Anderson*, 328 U.S. at 703. To identify that *locus*, a court "must initially identify the conduct constituting the offense" — the acts the defendant must commit to violate the statute — and then determine the place where those acts occurred. *Abouammo*, slip op. at 4–5.

In *Abouammo,* the defendant was charged in the Northern District of California with violating 18 U.S.C. § 1519 by falsifying a document with the intent to obstruct a federal investigation. *Abouammo*, slip op. at 1–2. The defendant had created the false invoice in Seattle, but the investigation was based in San Francisco, and the agents later reviewed the document's metadata in San Francisco. *Id.* The Supreme Court held that venue was proper only where the falsification occurred, because the only prohibited conduct was falsification and "no 'conduct constituting the offense' happened" in the Northern District of California. *Id.* at 9.

The Court rejected the Government's reliance on the location of the investigation and the alleged effects of the defendant's conduct. *Id.* at 3, 6. The Court explained that a *mens rea* element, including an intent to obstruct an investigation, "adds nothing to the conduct-focused analysis." *Id.* at 6. And because the obstructive effects of the false invoice were not elements of the crime, they could not determine where the crime was committed for venue purposes. *Id*.

## IV. ARGUMENT

### A. *Abouammo* forecloses a finding of venue based on downstream reports, agency location, investigation location, or contemplated effects.

The Government's venue theory as to each count in the indictment depends on the same premise the Supreme Court rejected in *Abouammo*: that venue may be based on the district where the alleged *effects* of the defendant's conduct materialized, where a federal investigation was located, or where a federal agency or proceeding felt the consequences of out-of-district conduct. *Abouammo*, slip op. at 1, 6, 9. But *Abouammo* holds that the Constitution requires an inquiry into "the things a defendant must do to violate the statute" and the location where those acts occurred, not the downstream effects or consequences of that conduct. *Id.* at 2, 4.

### B. Counts Fifteen and Thirty-Eight must be dismissed because the alleged conduct committed by Mr. Boulos occurred outside the District of Columbia.

Counts Fifteen and Thirty-Eight charge Boulos with violations of 52 U.S.C. § 30122. Count Fifteen alleges that Mr. Boulos willfully permitted his name to be used to effect contributions of another to Political Committee 2 and Political Committee 5 in 2016 and caused those entities unwittingly to accept contributions made in another person's name. Indictment ¶ 62. Count Thirty-Eight alleges the same type of conduct as to Political Committee 6 in 2018. Indictment ¶ 108. The essential conduct charged against Mr. Boulos in those counts was his alleged use of his own name to facilitate contributions funded by Khawaja. The Indictment's factual allegations identify that conduct as receipt of funds from Khawaja or Company A and the writing of contribution checks in Mr. Boulos's name. Indictment ¶¶ 58(f), (p).

For the 2016 count, the Indictment alleges that Company A wired $294,965 to Mr. Boulos on or about August 25, 2016, and that Mr. Boulos wrote a $300,000 check to Political Committee 2 on or about September 8, 2016, in connection with an event Khawaja was hosting in Las Vegas, Nevada. Indictment ¶ 58(f). Documentary records reflect Mr. Boulos's Las Vegas address on the check to the Hillary Victory Fund and identify the check as drawn from his Bank of America account. Littrell Decl., Exhibit C (9/8/2016 $300,000 check and related bank statement pages); Exhibit D (302 re Boulos 2016 transactions). The campaign event occurred in Las Vegas, Nevada, and Mr. Boulos attended that event there. Indictment ¶ 58(k).

For the 2018 count, the Indictment alleges that Company A wired $275,000 to Mr. Boulos on or about March 5, 2018, and that Mr. Boulos wrote a $250,000 check to Political Committee 6 the same day. Indictment ¶ 58(p). According to summary documents prepared by the Government, the $275,000 wire to Mr. Boulos's Bank of America account and a $250,000 check to the Republican National Committee posted on March 15, 2018. Littrell Decl., Exhibit E

(Boulos Relevant Transactions). The Government's own summary materials likewise state that Mr. Boulos received the wire from Khawaja and then contributed the funds from his personal bank account. Littrell Decl., Exhibit F (Government Summary of Boulos Financial Activity). None of this conduct was alleged to have occurred in the District of Columbia.

This court previously rejected similar venue challenges brought by Defendants Rani El-Saadi and Stevan Hill. ECF No. 128 at 16, 18, 21. But that decision did not have the benefit of the Supreme Court's ruling in *Abouammo*. In its decision, the Court emphasized that "the offense of 'making' a contribution may differ from the conduct necessary to 'effect' a contribution." *Id*. at 13. And the Court ultimately concluded that the "offense of knowingly permitting one's name to be used to 'effect' a conduit contribution encompasses both the receipt and the acceptance (as opposed to rejection) of the contribution." *Id*. at 16. The Court further reasoned that a "check sent to a political committee thus does not become a 'contribution' within the meaning of FECA until that check is received, and accordingly, the offenses of making and effecting a conduit contribution require not only the sending but also the receiving of the donation." *Id*. at 17; *see also id.* at 18 ("The Court need not consider whether the offense of making of a conduit contribution encompasses the acceptance of that contribution, because the Court concludes that a contribution is not effected until the political committee accepts it.").

*Abouammo* changed the legal landscape by making clear that venue cannot rest on effects, contemplated effects, or events that are not conduct committed by the defendant. *Abouammo*, slip op. at 6, 9. So even accepting the premise that a political committee's acceptance of a contribution is necessary to complete the offense of "effecting" that contribution, it is not something "a defendant must do to violate the statute at issue," *see Rodriguez-Moreno*, 526 U.S. at 280, and it therefore cannot provide the basis for venue in this District.

Nor can aiding-and-abetting language supply venue. The Indictment alleges that political committees "unwittingly" accepted or reported the contributions, which means the committees' later acts were not criminal acts by knowing principals in this District. Indictment ¶¶ 62, 108. Under *Abouammo*, venue cannot be created by treating an innocent third party's later administrative action as the defendant's in-district conduct. *Abouammo*, slip op. at 6–7, 9.

**C. Count Forty-Nine must be dismissed because the statements by Mr. Boulos were made in Nevada, not the District of Columbia.**

Count Forty-Nine alleges that, in violation of 18 U.S.C. § 1503, on or about March 18, 2019, Mr. Boulos obstructed or endeavored to obstruct a federal grand jury investigation pending in the District of Columbia by making false statements to FBI agents. Indictment ¶ 130. The Indictment alleges that Mr. Boulos made those statements "[w]ith knowledge that his statements would be transmitted to the grand jury in the District of Columbia." *Id.* But it is undisputed that the alleged statements were made at Mr. Boulos's Nevada residence. Littrell Decl., Exhibit A (3/18/2019 FBI Interview Tr.) at 2:1–7, 106:14–19; Exhibit B (302 re 3/18/2019 FBI Interview).

Under *Abouammo*, that is dispositive. The place where the Government located its grand jury or investigation is not the place where Mr. Boulos committed the conduct underlying the charged offense. *Abouammo*, at 3, 9. In *Abouammo*, the Supreme Court rejected venue in the district where the FBI investigation was located even though the defendant allegedly intended to obstruct that investigation. *Id.* at 2, 6. The Court explained that an intent element does not change the location of the defendant's act, and that alleged obstructive effects in the district of investigation cannot determine venue when those effects are not conduct elements. *Id.*

The same reasoning applies with even greater force here. Even assuming Mr. Boulos understood his statements would be transmitted to a grand jury in Washington, D.C. (a

questionable proposition under the circumstances of this case), Mr. Boulos's alleged knowledge of the future use or effect of his statements elsewhere cannot supply venue. *Abouammo*, at 6.

*Abouammo* did not consider circumstances in which Congress provided, by statute, for a specific venue rule for a given offense. *Id*. at n. 3. This is such a case. 18 U.S.C. § 1512(i) states that a prosecution under section 1503 can be brought "in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected" or in the district in which the conduct constituting the alleged offense occurred. But as the Supreme Court emphasized, "the venue rule is constitutional, and Congress lacks the power to finally decide what it means or when it is violated." *Abouammo*, at 6. If section 1512(i) is interpreted to allow prosecution in the District of Columbia for Count Forty-Nine, even though Mr. Boulos engaged in no offense conduct here, it is irreconcilable with the holding in *Abouammo*, and that portion of statute must be overturned as unconstitutional. *See Marbury v. Madison*, 1 Cranch 137, 179–180 (1803); *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 125 (2015).

**D. Count Thirteen must be dismissed because no overt act or conduct that could establish venue occurred in this District.**

Count Thirteen charges Mr. Boulos and others with conspiracy under 18 U.S.C. § 371. Indictment ¶¶ 52–58. Prior to the recent ruling in *Abouammo*, courts have consistently held that in conspiracy cases, "venue is proper in any jurisdiction where any co-conspirator committed an overt act in furtherance of the conspiracy." *Sitzmann*, 74 F. Supp. 3d at 102; *see also United States v. Socony-Vacuum Oil Co*., 310 U.S. 150, 253 (1940); *Abouammo*, slip. Op. at 8 (citing *Whitfield v. United States*, 543 U.S. 209, 218 (2005)). But these holdings are also in doubt following *Abouammo*. As the Supreme Court made clear, venue was vital to the nation's founders, who strenuously objected to the "unfairness and hardship involved when an accused is prosecuted in a remote place." *Abouammo*, slip op. at 4. They could not have anticipated that

Congress would pass a law criminalizing an agreement and then Courts would allow the executive branch to prosecute in *any* place where *any* overt act took place, regardless of whether the accused person knew of that act or supported it. *See Socony-Vacuum Oil Co*., 310 U.S. at 253 (holding that an "overt act of one partner may be the act of all without any new agreement specifically directed to that act.") (quoting *United State v. Kissel*, 218 U.S. 601, 608 (1910)). *Abouammo*'s focus on "the things a defendant must do to violate the statute at issue," *see Abouammo*, slip op. at 4, as opposed to circumstances beyond the defendant's control, calls into question the holdings in previous decisions that found venue based solely on the overt acts of other defendants. *See Marbury*, 1 Cranch 137 at 180; *Perez*, 575 U.S. at 125.

Even assuming the *Sitzmann* standard still applies, however, venue in this District is improper because no co-conspirator committed "conduct constituting the offense" in this District. Although *Sitzmann* permits venue to be established where an overt act occurred, even if the defendant doesn't commit that act, the question of what qualifies as an overt act — i.e., conduct in furtherance of the conspiracy — must now be assessed through *Abouammo*'s conduct-focused lens. At minimum, the overt acts that can create venue must be *acts* by a conspirator, not downstream administrative consequences caused by unwitting third parties.

The overt acts alleged in furtherance of the Count Thirteen conspiracy are the transfers of funds from Khawaja to the co-conspirators, the writing of contribution checks by the co-conspirators, and the co-conspirators' attendance at fundraising events. Indictment ¶¶ 58(a-t). Every one of those alleged acts occurred outside the District of Columbia: Mr. Boulos received wires and wrote checks in Las Vegas, Nevada; co-defendant Khawaja was a resident of Los Angeles, California, and caused wires from a West Hollywood-based company; co-defendants Dekermenjian, Diab, El-Saadi, Hill, and Whipple all resided in the Los Angeles or

Las Vegas areas and wrote their checks from those locations; and the fundraising events took place in Las Vegas, Nevada, and Los Angeles, California. Indictment ¶¶ 2, 4–9, 58. No co-conspirator is alleged to have traveled to the District of Columbia, met with another conspirator in the District of Columbia, directed a transfer in the District of Columbia, or performed any volitional act in furtherance of the conspiracy in the District of Columbia. ¶¶ 55, 57, 58.

The Government may argue that the purpose or result of the conspiracy was to cause political committees to file false reports with the FEC. Indictment ¶¶ 55, 57(c). But *Abouammo* holds that venue is not determined by the location where the Government later identifies an investigation, administrative function, or effect of the charged conduct. *Abouammo*, slip op. at 6. If the *locus* of venue could be established by the place where an unwitting recipient reported or a federal agency compiled information, the constitutional protection would be swallowed whenever an out-of-district act later reaches Washington D.C. That is the very approach *Abouammo* rejected. *Id.*, at 6, 9. Similarly, the Indictment's allegation that the conspirators "caused" committees to submit reports to the FEC does not allege that Mr. Boulos or anyone else agreed, acted, transmitted, met, directed, or communicated in the District of Columbia. Nor does the record show that any conspirator committed any overt act in this District.

Accordingly, even under *Sitzmann*'s rule that venue for a conspiracy lies wherever any co-conspirator committed an overt act, venue in this District fails. No conspirator — Mr. Boulos or any other — committed conduct in furtherance of the conspiracy in the District of Columbia.

## V. CONCLUSION

Article III and the Sixth Amendment require trial in the district where the charged crime was committed. U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI. *Abouammo* confirms that courts determine that place by identifying the defendant's essential conduct and where that conduct occurred, not by locating downstream effects, investigations, agency functions, reports,

or proceedings. *Abouammo*, at 4, 6, 9. Because the conduct alleged to have been committed by Mr. Boulos and his alleged coconspirators occurred outside the District of Columbia, the Court should dismiss Counts Thirteen, Fifteen, Thirty-Eight, and Forty-Nine for lack of venue.

Respectfully submitted,

Dated: August 21, 2026

By: *__/s/ John L. Littrell__*

John L. Littrell (Bar No. CA00194)
jlittrell@bklwlaw.com
Bienert Katzman Littrell Williamm LLP
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Tel: (949) 369-3700
Fax: (949) 339-3701

*Attorney for Defendant Roy Boulos*